# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE BANKRUPTCY PETITION OF
ROBERT FRANCIS LEPAK,

Case No. 05-C-0762

Appellant.

**ORDER**

Bankruptcy petitioner Robert Francis Lepak has filed a notice of interlocutory appeal of an order of the United States Bankruptcy Court for the Eastern District of Wisconsin, Margaret Dee McGarity, J., ordering him to retrieve necessary business records on the afternoon of June 10, 2005. 28 U.S.C. § 158(a) permits interlocutory appeals only with "leave of th[is] court." Bankruptcy Rule 8001(b) requires an interlocutory appellant to file a motion for leave to appeal along with his notice of interlocutory appeal. Appellant has not filed such a motion. Rule 8003(c) permits this court to direct that a motion for leave to appeal be filed. However, Rule 8003(c) also permits the court to treat the notice of appeal as a motion for leave to appeal and deny leave on that basis. The court will chose the latter option here.

Lepak's notice of appeal is directed at an order of the Bankruptcy Court allowing him one final opportunity to retrieve his business records from the real estate where they were apparently maintained. The order reflects that Lepak was allowed access to the real estate by the landlord on three previous occasions in order to retrieve the records. Although he had sorted through the records, Lepak claimed he did not retrieve any of them "because the house smelled of rotten meat

and he was stung by a bee." (June 9, 2005 minute order) Arrangements had been made to allow Lepak another opportunity to retrieve the records from the premises where they were strored.

The standards for granting leave to appeal from an interlocutory order of the bankruptcy court are guided by 28 U.S.C. § 1292(b), the statute that governs interlocutory appeals from district courts to the court of appeals. *In re MCorp Financial, Inc.*, 139 B.R. 820, 823 (S.D.Tex.,1992). Leave to appeal may be granted when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

The order Lepak seeks to appeal clearly falls outside of this standard. A simple discovery order directing a party to retrieve business records and giving him a fourth and last opportunity to do so does not involve a controlling question of law and certainly would not materially advance the ultimate termination of the litigation. Such discovery and record production matters fall well within the discretion of the judge presiding over the case and are not proper matters for interlocutory appeal. To grant Lepak's request would have the opposite effect from what the statute intends – it would delay resolution of the case. Accordingly, leave to appeal is denied and the appeal is dismissed.

**So Ordered.**

Dated this   1st   day of September, 2005.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge